**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000485
22-NOV-2017
12:50 PM**

NO. CAAP-15-0000485

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

G.L., Plaintiff-Appellee, v.
D.L., Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 08-1-3575)

SUMMARY DISPOSITION ORDER
(By: Leonard and Ginoza, JJ.; and
Nakamura, Chief Judge, dissenting)

Defendant-Appellant D.L. (**D.L.**) appeals from the Family Court of the First Circuit's (**Family Court's**) Order Denying Defendant's Motion to Set Aside or Vacate (**Order Denying 2014 Motion to Set Aside**), entered on April 22, 2015, and Order Denying Defendant's Motion for Reconsideration of Order re Defendant's Motion to Set Aside or Vacate, entered on May 26, 2015 (**Order Denying 2015 Motion for Reconsideration**).[1]  D.L. also seeks to challenge the Family Court's Order Denying Motion for Post-Decree [Relief filed on] 7/11/2011 (**2011 Order Denying DNA**

---

[1]     The Honorable Sherri L. Iha presided.

Testing), entered on August 2, 2011, and Findings of Fact [(FOFs)] and Conclusions of Law [(COLs)], entered on October 31, 2011.[2]

In this appeal, D.L. raises several points of error and contends that the Family Court erred when it: (1) denied Defendant's Rule 60(b) Motion for Relief from Judgment Regarding Paternity and Child Support, which was filed on July 30, 2010 (**2010 Motion for Relief**); (2) denied the Motion and Affidavit for Post-Decree Relief, which D.L. filed on July 11, 2011 (**2011 Motion for DNA Testing**); (3) denied Defendant's Motion to Set Aside or Vacate, in Part, Divorce Decree (with Children) Filed April 6, 2009 (**2014 Motion to Set Aside**); (4) denied Defendant's Motion to Reconsider Order Denying Motion to Set Aside or Vacate Filed April 22, 2015 (**2015 Motion for Reconsideration**); and (5) entered FOF 2, and COLs 6, 10, 15 and 16, which related to D.L.'s 2010 Motion for Relief and 2011 Motion for DNA Testing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve D.L.'s points of error as follows:

On April 6, 2009, the Family Court entered a Divorce Decree (with Children) (**Decree**) granting Plaintiff-Appellee G.L. (**G.L.**) a divorce from D.L., and awarding physical and legal custody of two children to G.L., with D.L. to have reasonable

---

[2]      The Honorable Catherine H. Remigio presided.

visitation to be arranged by the parties, and D.L. to pay child support to G.L.[3]

Thereafter, D.L. filed the 2010 Motion for Relief seeking relief from the Decree regarding paternity and child support on the grounds that he now believed, and confirmed with diagnostic testing, that the children were not his biological children, but instead may have been the result of an affair that G.L. purportedly had been having with a co-worker. D.L. argued in essence that, as the children were very young, it would be in their best interests to resolve the issue, so they could grow up knowing the identity of their actual father. After various continuances, shortly before a trial was to be held on paternity, D.L. filed the 2011 Motion for DNA Testing, which was denied.[4] The trial was taken off the calendar, the Family Court entered the 2011 Order Denying DNA Testing, and D.L. filed an appeal (**First Appeal**). This court dismissed D.L.'s appeal for lack of appellate jurisdiction because the 2011 Order Denying DNA Testing was not a final appealable order, as it did not finally determine the proceedings on the 2010 Motion for Relief.

Upon the dismissal of the First Appeal, however, D.L. did not seek the entry of an appealable order on the 2010 Motion for Relief. Instead, in the 2014 Motion to Set Aside, D.L. sought relief pursuant to, *inter alia*, Hawai'i Family Court Rules

---

[3] The Honorable Linda S. Martell presided.

[4] Although the record is limited on this issue, it appears that G.L. had objections to the admissibility of D.L.'s test results, possibly based on an assertion that D.L. could not establish that the tested samples were taken from the parties' children.

(HFCR) Rule 60(b)(4),[5] arguing that, to the extent that it required personal jurisdiction over D.L., the Decree should be set aside because service of process on D.L. was defective. D.L. argued that the purported service of the Complaint for Divorce and the accompanying summons while he was in the Philippines was not authorized by rule or statute and, therefore, the Family Court lacked jurisdiction over his person and should have declared the Decree to be void to the extent that jurisdiction over his person was required. The Family Court denied the 2014 Motion to Set Aside on the grounds that the issue was waived when D.L. submitted the 2010 Motion for Relief without raising the service issue.

Hawai'i courts have long held that a judgment is void if the court that rendered it "lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 195, 268 P.3d 443, 448 (App. 2011) (internal quotation marks omitted) (citing In re Genesys Data Techs., Inc., 95 Hawai'i 33, 38, 18 P.3d 895, 900 (2001);

---

[5]     HFCR Rule 60(b)(4) provides:

**Rule 60.  Relief from judgment or order.**

        . . . .

        (b)     *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud.*  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons:
        . . . .

        (4)     the judgment is void;

_Citicorp Mortg., Inc. v. Bartolome_, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App. 2000). In addition, "[t]he determination of whether a judgment is void is not a discretionary issue." _Id._ (internal quotation marks omitted) (citing _In re Hana Ranch Co._, 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982); _see also_ 12 James Wm. Moore et al., Moore's Federal Practice § 60.44 [5] [a] at 60-163 (3d ed. 2011)). Thus, we turn to the issue of whether the Family Court had personal jurisdiction over D.L. when it entered the Decree.

In order for the Family Court to exercise personal jurisdiction over a defendant, the defendant must be served with a copy of the summons and the complaint pursuant to HFCR Rule 4. _See_, _e.g._, _Citicorp Mortg., Inc._, 94 Hawai'i at 430, 16 P.3d at 835 (citation omitted). HFCR Rule 4 provides, in relevant part:

**Rule 4. Process.**

(a) _Summons: Issuance_. Upon the filing of the complaint, the clerk shall forthwith issue a summons and deliver it to the plaintiff for service by a person authorized to serve process. Upon request of the plaintiff, separate or additional summons shall issue against any defendant, cross-defendant, or cross-plaintiff.

(b)    _Summons: Form_. The summons shall

(1)    be signed by the clerk under the seal of the court,

(2)    contain the name of the court, and the names of the parties, and the date when issued,

(3)    be directed to the defendant or cross-defendant,

(4)    state the name and address of the plaintiff's or cross-plaintiff's attorney, if any, otherwise the plaintiff's or cross-plaintiff's address,

(5)    state the time within which these rules require the defendant or cross-defendant to appear and defend, and shall notify the defendant or cross-defendant that, in case of the defendant's or cross-defendant's failure to do so, judgment by default will be rendered against the defendant or cross-defendant for the relief demanded in the complaint,

(6)    contain a prohibition against personal delivery of the summons between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the family or circuit courts permits, in writing on the summons, personal delivery during those hours, and

(7)    contain a warning to the person summoned that failure to obey the summons may result in an entry of default and default judgment.

When, under Rule 4(e) of these rules, service is made pursuant to a statute or order, the summons or notice, or order in lieu of summons, shall correspond to that required by the statute or order.

(c)    Summons: *By whom served.*  Service shall be made:

(1)    anywhere in the State by the sheriff or the sheriff's deputy, by some other person specially appointed by the court for that purpose, or by any person who is not a party and is not less than 18 years of age; or

(2)    in any county by the chief of police of that county or a duly authorized subordinate.  Subpoena, however, shall be served as provided in Rule 45 of these rules.

(d)    Summons: *Personal service.*  The summons and complaint shall be served together.  The plaintiff shall furnish the person making service with such copies as are necessary.  Service shall be made as follows:

(1)    Upon an individual other than a child or an incompetent person,·

(A)    by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or

(B)    by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

.  .  .  .

(9)    Upon a defendant of any class referred to in paragraph (1) . . . of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute.

(e)    Summons: *Other service.*

(1)    Whenever a statute or an order of court provides for service upon a party not resident of or found within the State of a summons, or of a notice, or of an order in lieu of summons, service shall be made under the circumstances and in the manner prescribed by the statute or order.

.  .  .  .

(f)    *Territorial limits of effective service.*  All process may be served anywhere within the State and, when a

> **statute or order so provides, beyond the limits of the State.**
>
> (g) *Return.* The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to process. **When service is made by any person specially appointed by the court, that person shall make an affidavit or declaration of such service.**

(Bold and underlined emphasis added).

Virtually all of the HFCR Rule 4 requirements that pertain to service outside of Hawai'i were simply disregarded in this case. HFCR Rule 4(c) identifies a variety of persons who can make service in the State. HFCR Rule 4(g) allows that a person can otherwise be specially appointed by the court to make service, but in that case, that person shall make an affidavit or declaration of such service. HFCR Rule (d)(9) recognizes that service on an individual is also sufficient if it is performed in the manner prescribed by any statute. HFCR Rule 4(e) controls the procedures when a statute or court order provides for service on a party not found within the State and provides that service shall be made "under the circumstances and in the manner prescribed by the statute or order." HFCR Rule 4(f) further defines the territorial limits of effective service and provides that "when a statute or order so provides" process may be served beyond the limits of the State. In addition, the final paragraph of HFCR Rule 4(b) mandates that, when out-of-state service is made pursuant to a statute or order, under Rule 4(e), the summons (or notice or order) shall correspond to that required by the statute or order.

7

Accordingly, service outside the State is effective only when done pursuant to a statute or court order, and in compliance with the above-referenced parts of HFCR Rule 4.

G.L. did not seek an order from the Family Court.[6] Nor did G.L. comply with the statutory provisions applicable to service of a divorce complaint on a person outside the State.

Hawaii Revised Statutes (HRS) § 580-3 (2006) sets forth the requirements for service of a complaint for divorce and summons. Of relevance here, HRS § 580-3(a) through (c) provide:

§ 580-3 Service. (a) The complaint for annulment, divorce, or separation, and the summons shall be served by an authorized process server on the defendant personally if the defendant is within the State, unless the defendant enters an appearance in the case, and except as hereinafter otherwise provided.

(b) If service by an authorized process server is not feasible or is inconvenient or if the defendant is without the State, the court may authorize the service to be made by any other responsible person, or the court may authorize notice of the pendency of the action and of a time and place of hearing, which shall be not less than twenty days after the giving of personal notice, to be given to the defendant personally by such person and in such manner as the court shall designate and the case may be heard and determined at or after the time specified in the notice.

(c) If the defendant is without the circuit, the court may authorize service by registered or certified mail, with request for a return receipt and direction to deliver to addressee only. The return receipt signed by the defendant shall be prima facie evidence that the defendant accepted delivery of the complaint and summons on the date set forth on the receipt. Actual receipt by the defendant of the complaint and summons sent by registered or certified mail shall be equivalent to personal service on the defendant by an authorized process server as of the date of the receipt.

(Emphasis added).

---

[6] In G.L.'s Affidavit of Plaintiff (for Uncontested Divorce), she represented to the Family Court, under oath, that D.L. was "personally served . . . by a person authorized to serve of [sic] legal documents." This representation is clearly contradicted by the record in this case.

HRS § 580-3.5 (2006) further provides:

> § 580-3.5 Personal judgment against absent defendant.
> In any proceeding in the family court, the court shall have
> the power to render a personal judgment against a party who
> is outside of this State and over whom jurisdiction is
> acquired by service of process in the manner set forth in
> section 580-3(b) or (c), if the party was personally served
> with a copy of the summons or order to show cause and
> complaint or other pleading upon which the judgment is based
> and if the party was a domiciliary of this State (1) at the
> time that the cause of action which is the subject of the
> proceeding arose, or (2) at the time of the commencement of
> the proceeding, or (3) at the time of service.

These statutes clearly and unambigously prescribe how

to serve a defendant that is out-of-state and when a Hawai'i

court "shall have the power to render a personal judgment against

a party who is outside of this State." Pursuant to HRS § 580-3,

there are various ways to effect service outside of Hawai'i, all

of which require court authorization. HRS § 580-3.5 confirms

that personal jurisdiction exists when service is effected in

accordance with HRS § 580-3, and one of the other factors stated

therein is met.

Here, although it appears that D.L. received a copy of

the Complaint and Summons, the purported service did not comply

in any way with the rules and statutes applicable to out-of-state

service. Because service of the Complaint and Summons was not

properly made upon D.L., the Family Court did not have

jurisdiction over his person. See, e.g., Heth v. Heth, 661

S.W.2d 303, 304-05 (Tex. App. 1983) ("where a defendant has not

been served in the manner required by law, the court's

jurisdiction is not invoked notwithstanding actual notice of the

suit on the part of the defendant"); Holly v. Holly, 151 S.W.3d

148, 150 (Mo. Ct. App. 2004) ("Although a party may receive notice that satisfies the minimum standards of due process, this alone does not obviate the necessity of serving process in the manner prescribed in our statutes and rules. Absent proper service, any judgment rendered over a party is void.") (citations and internal quotation marks omitted); Guen v. Guen, 38 Md. App. 578, 585-86, 381 A.2d 721, 726 (1978) (in Maryland, the plaintiff must do more than satisfy the due process requirement; the plaintiff must serve the defendant in accordance with the applicable rules, or the court will fail to acquire jurisdiction over the defendant); Matthews v. SBA, Inc., 149 Conn. App. 513, 539, 89 A.3d 938, 956-57 (2014) (rejecting argument that the defendant had notice; holding that proper service of process is not some mere technicality).

As stated above, "[t]he determination of whether a judgment is void is not a discretionary issue." Wagner, 126 Hawaiʻi at 195, 268 P.3d at 448. A court lacks jurisdiction if service upon a defendant was not effected properly and a default judgment based on defective service is void. Thus, those portions of the Decree requiring an exercise of personal jurisdiction are void.

Nevertheless, in the Order Denying 2014 Motion to Set Aside, the Family Court concluded that D.L. waived the personal jurisdiction argument when he failed to raise it in the 2010 Motion for Relief, which was filed *after* the entry of the Decree. Hawaiʻi recognizes that the defense of insufficiency of service

10

of process can be waived if not properly raised or by generally appearing and participating in a case. See HFCR Rule 12(h)(1); see also, e.g., In re Guardianship of Carlsmith, 113 Hawaiʻi 211, 216, 151 P.3d 692, 697 (2006); Puckett v. Puckett, 94 Hawaiʻi 471, 480, 16 P.3d 876, 885 (App. 2000). However, these authorities do not support the proposition that a void judgment can be resurrected or reinstated by such waiver. The Hawaiʻi Supreme Court has stated: "[v]oid means null; ineffectual, unable, in law, to support the purpose for which it was intended; an instrument or transaction which is wholly ineffective, inoperative, and incapable of ratification and which thus has no force or effect so that nothing can cure it." Beneficial Haw. Inc. v. Kida, 96 Hawaiʻi 289, 319, 30 P.3d 895, 925 (2001) (Acoba, J., concurring) (citation, quotation marks, brackets, and ellipses omitted). A void judgment is unenforceable and has no legal effect or force of law. Therefore, we conclude that the nullity of a void judgment is not waived by an appearance post-judgment. See also Wagner, 126 Hawaiʻi at 196-97, 268 P.3d at 449-50 (citing multiple authorities for the proposition that, when a judgment is void, a court must set it aside under Rule 60(b)(4), without regard to any other factors). Therefore, we conclude that the Family Court erred when it denied the 2014 Motion to Set Aside.

D.L. does not challenge the Family Court's personal jurisdiction over G.L. and *in rem* jurisdiction to dissolve the parties' marriage. However, personal jurisdiction over D.L. is

11

required to adjudicate spousal support, child custody, visitation, and child support. See Walker v. Walker, 10 Haw. App. 361, 366, 873 P.2d 114, 116-17 (1994); Rodrigues v. Rodrigues, 7 Haw. App. 102, 108, 747 P.2d 1281, 1286 (1987). In addition, the Family Court must have *in personam* jurisdiction over D.L. to adjudicate paternity. See, e.g., Bershaw v. Sarbacher, 40 Wash. App. 653, 657, 700 P.2d 347, 349 (1985); Bartlett v. Superior Court, 86 Cal. App. 3d 72, 77, 150 Cal. Rptr. 25, 28 (1978) ("Here the party seeking to collect child support will be obliged to prove the disputed fact of paternity in a court having jurisdiction over the defendant."); Sena v. Sena, 709 So. 2d 48, 50 (Ala. Civ. App. 1998). D.L. sought relief from items 4, 5, 6, 8, 9, 11, and 12 of the Decree, all of which required jurisdiction over his person and are therefore void. We conclude that the Family Court erred in denying D.L. the requested relief from items 4, 5, 6, 8, 9, 11, and 12 of the Decree.

Finally, D.L. did not seek the entry of an appealable order on the 2010 Motion for Relief, in conjunction with the 2014 Motion to Set Aside, and none was entered. Therefore, we lack appellate jurisdiction over the 2011 Order Denying DNA Testing and the FOFs and COLs, entered on October 31, 2011, and D.L.'s appeal is dismissed as to these orders. However, in light of the change in the procedural posture of this case, the dismissal of D.L.'s challenge to these orders is without prejudice to further Family Court proceedings on the merits of the disputed issues.

For these reasons, the Family Court's Order Denying 2014 Motion to Set Aside and Order Denying 2015 Motion for Reconsideration are vacated, items 4, 5, 6, 8, 9, 11, and 12 of the Decree are set aside, and this case is remanded to the Family Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, November 22, 2017.

On the briefs:

James A. Stanton,
for D.L.

Associate Judge

Associate Judge

13